

**U.S. Department of Justice**

United States Attorney
District of Maryland
Northern Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 FEB 23 P 12: 40

CLERK'S OFFICE
AT [illegible]

BY

Rod J. Rosenstein
United States Attorney

Christopher Mason
Special Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4831
MAIN: 410-209-4800
FAX: 410-962-3124
TTY/TDD: 410-962-4462
Christopher.Mason@usdoj.gov

2012 FEB 21 A 9: 44
RECEIVED-MAILROOM
U.S. ATTORNEY'S OFFICE
BALTIMORE, MARYLAND

February 9, 2012

Timothy Sullivan, Esq.
Brennan, Sullivan & McKenna LLP
6305 Ivy Lane, Suite 700
Greenbelt, MD 20770

      Re:   Plea agreement in the case of
            <u>United States v. Melvin Thompson</u>
            Criminal No. CCB-11-0114

Dear Mr. Sullivan:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **February 12, 2012**, it will be deemed withdrawn. The terms of the agreement are as follows:

<u>Offense of Conviction</u>

      1.    The Defendant agrees to plead guilty to a lesser included charge of Count One of the Third Superseding Indictment now pending against him, charging him with conspiracy to distribute and possess with the intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

<u>Elements of the Offense</u>

      2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which the Government would prove if the case went to trial are as follows:

Revised 8/8/08

MT

        a.        an agreement existed between two or more persons to violate the federal drug laws by distributing and possessing with the intent to distribute a quantity of a mixture or substance containing a detectable amount of heroin; and

        b.        the Defendant knowingly joined in that agreement.

### Penalties

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is twenty (20) years imprisonment, a fine of $2,000,000 and a period of supervised release of at least three (3) years. In addition, the Defendant must pay $100.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

### Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

        a.        If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

        b.        If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).



unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

      d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

      e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

      g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

      h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

<u>Advisory Sentencing Guidelines Apply</u>

      5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the

Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

### a. Guidelines Stipulation

The parties stipulate and agree that the base offense level for the Defendant is twenty-four (24), pursuant to U.S.S.G. § 2D1.1(c)(8) because the quantity of heroin that could be proven against the Defendant is equal to at least 80 grams but less than 100 grams of heroin. However, if the Defendant is found to be a career offender, then his offense level is thirty-two (32) pursuant to U.S.S.G. § 4B1.1.

### b. Acceptance of Responsibility

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. Therefore, the Defendant's anticipated final offense level is twenty-one (21) or, if the Defendant is a career offender, twenty-nine (29).

7. The Defendant understands that there is no agreement as to his criminal history or criminal history category and that his criminal history could alter his offense level if he is a career offender, armed career criminal, or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

Guidelines Factors Not Stipulated

8. This Office and the Defendant agree that the following facts and/or sentencing guidelines factors are in dispute:

    a. Whether the Defendant possessed a firearm in connection with his drug trafficking offense, meriting a two (2) level increase in his base offense level pursuant to U.S.S.G. § 2D1.1(b)(1); and

    b. Whether the Defendant used violence, made a credible threat to use violence, or directed the use of violence in connection with his drug trafficking offense, meriting a two (2) level increase in his base offense level pursuant to U.S.S.G. § 2D1.1(b)(2).

With respect to the calculation of the advisory guidelines range and application of the 18 U.S.C. § 3553(a) factors, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines or in 18 U.S.C. § 3553(a) will be raised or are in dispute. [handwritten: CAS USA]

9. This Office and the Defendant agree that, aside from the sentencing guidelines factors specified in paragraph 8 of this plea agreement, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

Obligations of the United States Attorney's Office

10. At the time of sentencing, this Office will recommend a sentence within the advisory guidelines range, as calculated by the Court at the time of sentencing. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

11. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

Waiver of Appeal

12. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all rights, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

[handwritten initials: MT]

Timothy Sullivan, Esq.
January 31, 2012
Page 6

        b.      The Defendant and this Office knowingly waive all rights, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds the advisory guidelines range calculated by the Court at the time of sentencing; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below the advisory guidelines range calculated by the Court at the time of sentencing.

        c.      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

        d.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

13.      The Defendant understands and agrees that as a result of his guilty plea, he will not be permitted to own, possess, or use a firearm. He forfeits all right, title, and interest in the following firearms:

*Bersa Thunder DLX .380 caliber semi-automatic pistol, bearing serial number A56835, and ammunition.*

14.      The Defendant agrees to forfeit to the United States all of his right, title, and interest in any and all money, property, or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the Defendant's illegal activities, including the following:

*$907.00 U.S. currency seized on 3/10/2011.*

15.      The Defendant agrees to assist fully the United States in the forfeiture of the foregoing assets. The Defendant agrees to take all steps necessary to pass to the United States clear title to these assets, including but not limited to executing any and all documents necessary to transfer his interest in any of the above property to the United States, assisting in bringing any assets located outside the United States within the jurisdiction of the United States,

and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The Defendant further agrees that he will not assist a third party in asserting a claim to the foregoing assets in an ancillary proceeding.

16. The Defendant knowingly waives all constitutional, legal and equitable defenses to the forfeiture of the foregoing assets. It is further understood that, in the event that the United States files a civil action pursuant to 21 U.S.C. § 881 or any law enforcement agency initiates a forfeiture proceeding seeking to forfeit these assets, the Defendant will not file a claim with the Court or agency or otherwise contest such a forfeiture action and will not assist a third party in asserting any such claim. It is further understood that the Defendant will not file or assist anyone in filing a petition for remission or mitigation with the Department of Justice concerning the forfeited assets.

17. The Defendant agrees to identify all other assets and identify the sources of income used to obtain all other assets, including identifying all assets derived from or acquired as a result of, or used to facilitate the commission of, any crime charged in the Indictment. The United States reserves the right to proceed against any remaining assets not identified in this agreement, including any property in which the Defendant has any interest or control.

## Court Not a Party

18. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw her guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, her counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

Timothy Sullivan, Esq.
January 31, 2012
Page 8

### Obstruction or Other Violations of Law

19. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Entire Agreement

20. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Benjamin Block
Assistant United States Attorney

Christopher M. Mason
Special Assistant United States Attorney

Timothy Sullivan, Esq.
January 31, 2012
Page 8

### Obstruction or Other Violations of Law

19. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Entire Agreement

20. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Benjamin Block
Assistant United States Attorney

Christopher M. Mason
Special Assistant United States Attorney

Timothy Sullivan, Esq.
January 31, 2012
Page 9


I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

02/15/2012  
Date

_Melvin Thompson_  
Melvin Thompson


I am Melvin Thompson's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

02/15/12  
Date

_____  
Timothy Sullivan, Esq.

# ATTACHMENT A

## STIPULATED FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the Government would have proved the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the facts that would have been proven had this matter proceeded to trial.*

Beginning no later than January 2010 and ending on March 10, 2011, the Defendant, **MELVIN THOMPSON**, was a member of a criminal conspiracy to distribute in and around Baltimore, Maryland, with other individuals both known and unknown to the Grand Jury. The Defendant's co-conspirators included individuals charged in Count One of the Third Superseding Indictment.

In furtherance of the conspiracy, the Defendant engaged in numerous narcotics transactions between January 2009 and March 2011, including purchases of distribution quantities of heroin from suppliers, which quantities were then sold to other drug dealers for further distribution. Thompson purchased distribution quantities of heroin from, and oversaw the distribution of heroin by, individuals charged in Count One of the Third Superseding Indictment.

Between November 2010 and January 2011, the Defendant participated in numerous telephone conversations with co-defendant Donta Ellerbe, which calls were intercepted and recorded pursuant to a court-authorized wiretap. The Defendant made or received approximately 118 calls with Ellerbe between November 18, 2010 and January 7, 2011. The primary purpose of these calls was to discuss the purchase and sale of illegal narcotics, specifically heroin.

A government expert witness would testify at trial that the following intercepted calls related to illegal narcotics transactions.

On December 4, 2010, at 9:01 p.m., Ellerbe called the Defendant, which call was intercepted as Call # 711 on the K-line. In the call, the Defendant asks Ellerbe, "how you looking?" Ellerbe replies, "Kind of all right. Got like six and a half, something like that. Got to put it on the thing though." The Defendant tells Ellerbe, "give me two of them motherfuckers." Ellerbe tells the Defendant, "I'll give it to you for seventy-five."

On December 16, 2010, at 3.57 p.m., Call # K-976 was intercepted between the Defendant and Ellerbe in which the Defendant asks Ellerbe, "you good?" Ellerbe says, "yeah, you said to have it ready by time I get off work." Ellerbe asks the Defendant, "you know what you probably need, so I can have it put to the side?" The Defendant replies, "hmm, man probably about three." Ellerbe replies, "All right. Okay."

On December 23, 2010, at 7:58 a.m., Call # K-1546 was intercepted, in which the Defendant and Ellerbe discuss meeting after Ellerbe gets off work in order to conduct a four gram heroin transaction. On December 30, 2010, at 11:41 a.m., Call # K-2432 was intercepted,

in which the Defendant and Ellerbe discuss purchasing, "the whole joint," or "the whole onion" from another supplier for approximately $650.

On January 6, 2011, Calls numbered K-3647, K-3648, K-3649, K-3654 and K-3655 were intercepted in which Ellerbe and the Defendant discuss meeting in order to conduct a narcotics transaction involving approximately three grams of raw heroin. Surveillance was established by members of the Baltimore Police Department and the Drug Enforcement Administration. Officers observed Ellerbe drive a green Chevy SUV into the area of East Baltimore near Kenhill Avenue and East Biddle Street. In call # K-3649, Ellerbe complains to the Defendant about "knockers," meaning police, in the area, and exits his vehicle. Officers observed Ellerbe conduct a hand to hand transaction with the Defendant and another individual in front of 2580 East Hoffman Street. Officers stopped Ellerbe as he was returning to his vehicle and conducted a probable cause search of his person based the officers' observations and the intercepted calls. Approximately 12 grams of heroin were found concealed in a plastic baggie between Ellerbe's buttocks. Also recovered from Ellerbe was $733.00 in U.S. Currency.

The Defendant maintained a street-level drug distribution operation in the vicinity of 2580 East Hoffman Street. Among the individuals whose assisted the Defendant in distributing heroin was co-defendant Corey McLaurin.

On March 10, 2011, members of the Baltimore Police Department and Drug Enforcement Administration executed a lawful search warrant at the Defendant's home, 322 North Calhoun Street, Baltimore, Maryland. Inside the residence, police recovered a Bersa Thunder DLX .380 caliber semi-automatic pistol, and ammunition, as well as $907.00 in U.S. currency. ~~The Defendant admits that t~~he U.S. currency constitutes the proceeds of drug trafficking.

The parties stipulate that based on the facts readily provable by the Government, the Defendant, along with other members of the conspiracy, conspired to distribute at least 80 grams, but less than 100 grams, of heroin. The Defendant admits that such quantity was within the scope of the conspiracy and reasonably foreseeable to him.

Rod J. Rosenstein
United States Attorney

By: _____
Benjamin Block
Assistant United States Attorney

Christopher M. Mason
Special Assistant United States Attorney

I have read this statement of facts, and carefully reviewed every part of it with my attorney. I understand it, and I acknowledge that it is true and correct. I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

02/15/2012
Date

*Melvin Thompson*
Melvin Thompson

I am Melvin Thompson's attorney. I have carefully reviewed every part of this statement of facts with him. To my knowledge, his decision to sign it is an informed and voluntary one.

02/15/12
Date

*[signature]*
Timothy Sullivan, Esq.