IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO.: CCB-11-0114 |
| MELVIN THOMPSON | * | |

* * * * * * * * * * * * *

### DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

NOW COMES, the Defendant, Melvin Thompson, through his Court Appointed Counsel, Christopher J. Purpura, and at the specific request of the defendant pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, respectfully requests that this Honorable Court grant him leave to withdraw his guilty plea and in support therefore, states the following:

### Procedural Background

1. On March 10, 2011, Mr. Thompson was charged in Count One of the First Superseding Indictment in the above captioned case, charging him with conspiracy to distribute and possess with the intent to distribute 100 grams or more, heroin, in violation of 21 U.S.C. 841(a)(1). On that same day Mr. Thompson had his initial appearance. Mr. Thompson was appointed counsel, Timothy J. Sullivan, Esquire.

2. That on February 14, 2012, almost one year from his arrest, Mr. Thompson sent a letter requesting new counsel, Document 722, indicating that he was unsatisfied with his current representation. Among his concerns he indicated that no motions were filed on his behalf and the lack of a motion hearing date despite trial only being a month away. It appears that Mr. Sullivan addressed those concerns immediately as evidenced by his February 16, 2012 correspondence, Document 731, and a plea letter signed on February 15, 2012, Document 754.

1

3. On February 22, 2012, Mr. Thompson appeared for an Arraignment and entered a guilty plea in which he pled to a lesser included offense to Count One of the First Superseding Indictment. Sentencing was scheduled for June 1, 2012, but later continued at the request of Mr. Thompson.

4. On June 7, 2012, this Matter was referred to a Magistrate Judge for an Attorney Inquiry Hearing. This hearing was held on June 19, 2012, at which time Mr. Thompson's request for substitute counsel was granted. Undersigned counsel had the good fortune of being appointed shortly thereafter. Mr. Thompson immediately indicated to substitute counsel that he desired to withdraw the guilty plea previously entered.

**Pre-Plea Criminal History/Plea Agreements/Pre-Sentence Investigation**

5. On September 23, 2011, Mr. Sullivan requested a Pre-Plea Criminal History be prepared the results of which were provided by way of a letter dated October 21, 2011. The investigation revealed that Mr. Thompson was natural criminal history VI. The issue left undetermined was whether Mr. Thompson was a Career Offender, which according to the Pre-Plea Criminal History hinged on an Assault-Second Degree conviction and whether that was a Crime of Violence.

6. With those results, plea negotiations began. It appears Mr. Thompson was initially presented a plea letter dated January 31, 2012 (Agreement 1). Agreement 1 was a plea pursuant to Rule 11(c)(1)(C) with a sentence range of 92-151 months for a conspiracy in excess of 100 grams of Heroin. Also agreed was a base offense level of 26 and left open for argument at sentencing were two two-level enhancements. Agreement 1 would have obviously

2

protected Mr. Thompson from a base offense level of 34 if he was later determined to be a career offender based upon the results of the Assault-Second Degree conviction.

It appears that Agreement 1 did not satisfy Mr. Thompson as he would later sign a plea letter dated February 9, 2012 (Agreement 2). Unlike the first plea letter, Agreement 2 was not pursuant to Rule 11(c)(1)(C). Additionally, this letter did not contain the "in excess of 100 grams" language and had an agreed base offense level of 24, but kept the two two-level enhancements open for argument at sentencing. Without a sentencing range, Mr. Thompson was left unprotected in the likely event he was found to be a Career Offender based upon two prior felony drug convictions and/or the Assault- Second Degree Conviction.

Mr. Thompson signed Agreement 2 on February 15, 2012 and entered a guilty plea seven days later.

7. The initial Pre-Sentence Report disclosed on/or about March 26, 2012 indicated that Mr. Thompson was not in fact a Career Offender. It was only after objection by the Government with regard to two prior Baltimore City felony drug offenses, offenses that had been consolidated for plea purposes, that the Amended Pre-Sentence Report revised on April 27, 2012, indicated that Mr. Thompson was a Career Offender. This amendment changed Mr. Thompson's base offense level from 24 to 32, well in excess of the "C Plea" range he was offered in the first plea letter, Agreement 1.[1]

---

[1] Counsel intends to file a Sentencing Memorandum with this Motion or shortly thereafter, in the event this Motion is denied, challenging the position of the Government and United States Probation that Mr. Thompson is a Career Offender based on two Baltimore City felony drug cases that were consolidated for plea purposes.

**Mr. Thompson's Complaint**

8. Mr. Thompson suggests that had he received appropriate representation and properly advised that is was likely a determination would be made that he was a Career Offender he would have either asked his attorney to negotiate a plea with an appropriate range or would have gone to trial.

**Legal Analysis**

9. Federal Rules of Criminal Procedure Rule 11(d)(2)(B) allows for the withdraw of a guilty plea after that plea is accepted, but before sentencing if the defendant can show a fair and just reason for requesting the withdrawal. That the burden is on the defendant to show a "fair and just reason" why withdraw of the guilty plea should be allowed. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

10. In *United States v. Moore,* 931 F.2d 245 (4th Cir.) *cert. denied,* 502 U.S. 857 (1991), the Fourth Circuit set forth the following factors , none of which are dispositive, in determining whether a defendant has met his burden:  1)  whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; 2) whether the defendant has credibly asserted his legal innocence; 3) whether there has been a delay between the entering of the plea and filing of the motion to withdraw; 4) whether the defendant had close assistance of competent counsel; 5) whether withdraw will cause prejudice to the government; and 6) whether it will inconvenience the court and waste judicial resources.

Much of Mr. Thompson's claim rests with the fourth *Moore* factor, whether the defendant had close assistance of competent counsel and this factors interplay with the remaining factors. Had Mr. Sullivan, based upon his review of Mr. Thompson's criminal record,

4

appropriately advised Mr. Thompson of the likelihood that he would be found to be a Career Offender, Mr. Thompson would have been in a position to make an educated decision. Instead, he was blindsided when the Amended Pre-Sentence Report was disclosed revealing that he was in fact a Career Offender.

None of the remaining *Moore* factors, even when considered together, outweigh the advice Mr. Thompson did not receive, that it was likely he would be a Career Offender.

After signing the second plea letter, Mr. Thompson appeared before this Honorable Court and was, I am sure, given the appropriate Rule 11 colloquy, and waived the rights outlined. However, Mr. Thompson indicates that this waiver was based on information that he did not receive from his attorney, that it is likely that he would be found to be a career offender. Accordingly, the waiver was not knowing and voluntary.

Mr. Thompson was one of at least 29 federal defendants charged in this case. This was a lengthy wiretap investigation of relatively low level street distribution of Heroin in Baltimore City. It does not appear that Mr. Thompson made statements, other than the factual stipulation in the Plea Letter, indicating his involvement in the Conspiracy. When weighed against the remaining factors, the lack of an assertion of innocence seems insignificant.

The delay between entry of the guilty plea and Mr. Thompson's Motion to Withdraw was not significant. As previously noted, Mr. Thompson entered his guilty plea on February 22, 2012. It was not until, at the very earliest, April 27, 2012, when the amended Pre-Sentence Report was disclosed, that Mr. Thompson learned that it was likely that he would be treated as a Career Offender. By, at the latest, May 14, 2012, Mr. Thompson expressed concerns with his plea and a Consent Motion to Continue Sentencing was filed (Document 855). Shortly

5

thereafter, this matter was referred for an Attorney Inquiry Hearing resulting in substitute counsel being appointed.  Any delay in filing this Motion to Withdraw from the date substitute counsel was appointed can easily be attributed to undersigned counsel's efforts to review voluminous discovery and pinpoint Mr. Thompson's concerns.  The delay in filing this Motion to Withdraw should not weigh against the granting of this Motion.

The remaining factors, prejudice to the government and waste of judicial resources, should not weigh against Mr. Thompson.  Much of the government's evidence comes by way of wiretaps that have been preserved in electronic format, making loss of evidence and witness recollection less of an issue.  The prejudice to the government is minimal.  Obviously, should withdrawal be granted and this case actually proceed to trial the Court will be required to expend significant resources.  However, this expenditure is minimized by the fact that a trial date is currently set for codefendant Jose Suarez for January 7, 2013.  Counsel can only assume that Mr. Thompson and Mr. Suarez could be tried together in January 2013.

No one factor or combination of factors outweigh the position in which Mr. Thompson finds himself.  Accordingly, Mr. Thompson has shown a "fair and just" reason for the withdrawal of his guilty plea.

## Conclusion

WHEREFORE, at the specific request of Mr. Thompson, it is respectfully requested that this motion be granted allowing him to withdraw the previously entered guilty plea.

Respectfully submitted,

_____/s/_____
Christopher J. Purpura, Esquire
The Law Office of Purpura & Purpura
8 E. Mulberry Street
Baltimore, Maryland 21202
Federal Bar No.: 27327
410-727-8550