IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. CCB-11-0114 |
| | : | |
| MELVIN THOMPSON | : | |

...o0o...

# **MEMORANDUM**

Defendant Melvin Thompson has filed a motion to withdraw his plea of guilty to a lesser included offense of Count One of a third superseding indictment charging multiple defendants with conspiracy to distribute heroin. On February 22, 2012, a Rule 11 proceeding was conducted. As part of the plea, Thompson admitted to the conspiracy without any quantity that would expose him to a minimum mandatory sentence. Nonetheless, apparently dissatisfied with the finding in the presentence report that he is a career offender under § 4B1.1 of the Guidelines, Thompson requested and obtained a second appointed counsel who filed this motion on his behalf on August 24, 2012.

The Fourth Circuit has established that a defendant seeking to withdraw his guilty plea has the burden of showing "a fair and just reason." *U.S. v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012) (internal quotations omitted) "[A] properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis on which to have his plea withdrawn." *Id.* at 384. Six nonexclusive factors for the district court to consider have been listed in *U.S. v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). For the reasons thoroughly discussed by the government in its response to Thompson's motion, all of the factors weigh against granting the motion.

1

It appears that the primary motivation for Thompson to seek to withdraw his plea is his dissatisfaction with the career offender finding in the presentence report.[1]  He signed a plea agreement, however, which specifically acknowledged that he might be a career offender, which would raise his guideline range.  This was directly addressed by the court in its Rule 11 discussion with Thompson.  (Tr. 2/22/12 at 17).  Further, Thompson agreed he was satisfied with the representation provided to that date by his very experienced CJA counsel, Timothy Sullivan.  (Tr. 2/22/12 at 11-12).  As a whole, the Rule 11 transcript shows that Thompson admitted his guilt, understood his rights and the terms of his plea agreement, was satisfied with counsel, and entered his plea knowingly and voluntarily.  He waited several months before expressing any dissatisfaction with his plea agreement, and there would be at least some additional expenditure of time and resources required to now set trial in this case.  Accordingly, the motion will be denied.

A separate Order follows.

November 27, 2012                                     /s/
         Date                                    Catherine C. Blake
                                                 United States District Judge

---

[1] This finding, of course, is not binding on the court, and may be challenged by Thompson in connection with sentencing.  Thompson also may request a variance sentence.