IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | |
| **MELVIN THOMPSON** | * | Criminal No.: CCB-11-114 |
| **Petitioner** | * | |

...oOo...

### GOVERNMENT'S RESPONSE IN OPPOSITION TO
### PETITION FOR RELIEF PURSUANT TO 18 U.S.C. SECTION 3582(c)

The United States, by undersigned counsel, files this response to the *pro se* Petition requesting relief pursuant to 18 U.S.C. § 3582(c) (ECF 1110). Petitioner is not eligible for a sentence reduction because he is a career offender.

### FACTS

On February 22, 2012, Melvin Thompson ("Petitioner") pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute Heroin, in violation of Title 21 U.S.C. § 846. At sentencing, the Court adopted the factual findings and advisory guideline applications in the Presentence Report and determined that Petitioner was a career offender under U.S.S.G. § 4B1.1. *See* Presentence Report ("PSR") at ¶ 31; Statement of Reasons ("SOR") at I(A). After finding Petitioner to be a career offender, the Court determined that Petitioner's base offense level was 32 under U.S.S.G. § 4B1.1. When combined with the other guideline applications, Petitioner's final offense level was calculated to be 29. At the established career offender criminal history category VI, this resulted in a sentencing range of 151 to 188 months. On January 15, 2013, the Court sentenced Petitioner to 120 months' imprisonment pursuant to a downward variance.

Petitioner moves this Court to reduce his sentence under 18 U.S.C. § 3582(c) and pursuant to U.S.S.G. § 2D1.1 as amended by Amendment 782 and made retroactive by U.S.S.G. § 1B1.10(d). Petitioner is ineligible for a sentencing reduction because he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1.

## ARGUMENT

Petitioner is ineligible for a sentencing reduction pursuant to Amendment 782. Amendment 782 had the effect of lowering only guideline ranges established pursuant to U.S.S.G. § 2D1.1. Career offenders, whose guideline ranges are established pursuant to U.S.S.G. § 4B1.1, are not affected by Amendment 782 and are therefore ineligible for a reduction. U.S.S.G. § 1B1.10(a)(2)(B) ("reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if...[Amendment 782] does not have the effect of lowering the defendant's applicable guideline range."). The applicable guidelines range is determined *before any departure provision or any variance*. U.S.S.G. § 1B1.10 (Application Note 1(a)).

The established rule is that career offenders are not eligible for sentencing reductions for guidelines amendments based upon the drug guidelines. *United States v. Munn*, 595 F.3d 183, 188 (4th Cir. 2010)[1]. The Fourth Circuit has followed the established rule and determined career offenders are not eligible for Amendment 782 reductions. *See United States v. France*, 637 F. App'x 733, 734 (4th Cir. 2016) ("A district court lacks the authority to grant a § 3582(c)(2) motion

---

1   The Court in *Munn* recognized a limited exception to eligibility where the sentencing court found the Defendant to be a career offender but then departed for over-representation. *Id.* The exception in *Munn* has since been abrogated by the Amendment to the Guidelines in November, 2011 (Amendment 759), and the Fourth Circuit has recognized that the Amendment abrogated the limited exception found in *Munn*. *United States v. Moton*, 531 F. App'x 377, 378 (4th Cir. 2013) (quoting U.S.S.G. App. C, Amend. 759 (2011)) (unpub.); *see also United States v. Blakeney*, 540 F. App'x 219, 220 (4th Cir. 2013).

2

for a reduced sentence under Amendment 782 if the defendant seeking the reduction was sentenced pursuant to the career offender Guideline."); *United States v. Fritz*, 621 F. App'x 196 (4th Cir. 2015) ("Here, the district court correctly concluded that Fritz was not eligible for a sentence reduction; because Fritz was sentenced as a career offender, Amendment 782 to the Sentencing Guidelines, which reduced the offense levels applicable to drug offenses, did not have the effect of lowering his applicable Guidelines range."). District courts within the Fourth Circuit have followed the same rule. *See United States v. Robinson*, No. 7:07CR00084, 2016 WL 5845642, at *2 (W.D. Va. Oct. 5, 2016); *United States v. Miffin*, No. 3:08CR325-4, 2016 WL 1752760, at *1 (E.D. Va. Apr. 29, 2016); *United States v. Montgomery*, No. CR RDB-10-0475, 2016 WL 540662, at *3 (D. Md. Feb. 11, 2016); *United States v. Jones*, No. 1:05CR00076-001, 2015 WL 733982, at *1 (W.D. Va. Feb. 20, 2015) ("The amendment does not apply to career offenders…").

Here, this Court concluded that Petitioner was a career offender, and established his offense level based on U.S.S.G. § 4B1.1, not § 2D1.1. Therefore, Amendment 782 does not "have the effect of lowering [Petitioner's] applicable guidelines range" and Petitioner is ineligible for a sentencing reduction.

In her memorandum to the Court, the Probation Officer agreed with the Government's position and found Petitioner ineligible for a sentencing reduction.

## **CONCLUSION**

WHEREFORE, the Government moves to dismiss the Petition filed by Petitioner and deny any relief sought. Petitioner is a career offender and is therefore ineligible for a sentencing

3

reduction.

                                        Respectfully submitted,

                                        Rod J. Rosenstein
                                        United States Attorney

By:                         /s/_____
                                        Kristine L. Dietz
                                        Special Assistant United States Attorney


                                        _____/s/_____
                                        David I. Salem
                                        Assistant United States Attorney

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing Motion was mailed on April 19, 2017 to:

Melvin Thompson, #53171-037
Allenwood Medium FCI
P.O. Box 2000
White Deer, PA 17887

                              By:      _____/s/_____
                                          Kristine L. Dietz
                                          Special Assistant United States Attorney


                                       _____/s/_____
                                          David I. Salem
                                          Assistant United States Attorney